UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANAG TAHATAN-BEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC, <br><br> Defendant. | Case No. 25-cv-07333-WHO <br><br> **ORDER DISMISSING CASE WITH PREJUDICE** <br><br> Re: Dkt. Nos. 5, 9, 28 |

This is one of many proceedings filed by plaintiff Kevin Woodruff (on behalf of himself and/or Wanag Tahatan-Bey and Tanya Stutson)[1] alleging improprieties in connection with the mortgage financing and foreclosure on a property located at 2013 Mt. Hamilton Drive, Antioch, California (the "Property").[2]  In a prior case, Case No. 22-3124, I declared plaintiff a vexatious litigant and enjoined him:

> from filing any civil action in the U.S. District Court for the Northern District of California against Mason McDuffie Mortgage Corporation, Citigroup Global Markets, Inc., US Bank, NA, Mortgage Electronic Registration System, or Nationstar Mortgage LLC (in any combination or with other defendants) that in any manner concerns the property at 2013 Mount Hamilton Dr., Antioch, CA 94531, without first obtaining certification from the general duty judge that the complaint is comprehensible and not facially frivolous.

Dkt. No. 32 ("Vexatious Litigant Order").

This case was filed originally in Contra Costa County Superior Court and removed here by defendant Nationstar on August 29, 2025. Dkt. No. 1.  The Complaint asserts claims against Nationstar regarding the Property, specifically challenging the foreclosure sale on the Property.  It

---

[1] Wanag Tahatan-bey is a pseudonym for Kevin Woodruff. *See* Case No. 23-cv-05162-WHO Dkt. No. 23 a 1 n.1.

[2] The pending motions are appropriate for resolution on the papers. Civ. L.R. 7-1(b).  The December 3, 2025, hearing on these motions is VACATED.

alleges that Nationstar made a false claim in an IRS form regarding ownership of the Property or the right to sell it, used an incorrect EIN in connection with the sale of the Property, and engaged in "wrongful securitization" of the mortgage on the Property. Dkt. No. 1-2.

Plaintiffs originally moved to remand this case, arguing that there was no ground for federal question jurisdiction. Dkt. No. 5. But they filed a First Amended Complaint ("FAC") expressly alleging federal claims, mooting the motion to remand. Dkt. No. 26. The motion to remand is DENIED.

Nationstar moved to dismiss the original Complaint and now moves to dismiss the FAC. The motion to dismiss is GRANTED with prejudice: plaintiffs' claims are barred by the Vexatious Litigant Order and the res judicata doctrine.[3]

The FAC asserts claims for violations: (1) of due process and the takings clause; (2) fraudulent misrepresentation by filing a false IRS Form 1099 under 26 U.S.C. § 7206; (3) violations of the Fair Debt Collection Practices Act ("FDCPA," 15 U.S.C. § 1692 *et seq*.); and (4) equity theft through improper securitization and assignment. Each of these claims concerns the mortgage foreclosure proceedings on and subsequent sale of the Property. They are barred under res judicata, because they were raised or should have been raised in the prior proceedings. *See* Case No. 19-4300, September 2020 Order [Dkt. No. 50] at 10-12 (dismissing FDCPA claim, claims based on securitization, and challenges to foreclosure proceedings on the Property; noting that because plaintiffs "have had multiple opportunities to pursue their case in state court, in bankruptcy court and before me, I grant the dismissal WITH PREJUDICE."); Case No. 23-cv-05162-WHO Dkt. No. 23 at 2 (dismissing claims against Nationstar based on the "mortgage and foreclosure" of the Property with prejudice).[4]

---

[3] Nationstar argues that the filing of the FAC should be rejected as untimely. Dkt. No. 28 at 8-9. I will consider the FAC on its merits.

[4] "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties," and explaining that "[i]dentity of claims exists when two suits arise from 'the same transactional nucleus of facts.'" *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc*., 298 F.3d 1137, 1142 (9th Cir. 2002). As the Ninth Circuit has explained, "a dismissal with prejudice in federal court 'bar[s] refiling of the same claim in' the same district court." *Headwaters Inc. v. U.S. Forest Serv*., 399 F.3d 1047, 1052 (9th Cir. 2005).

2

Plaintiffs filed an opposition to the motion to dismiss the original complaint, but not the motion to dismiss the FAC. *See* Dkt. No. 24.[5] In their opposition, plaintiffs argued that they have alleged a "new" claim that cannot be barred--specifically, that Nationstar filed a false IRS form 1099-A "claiming creditor/Lender status using its **own EIN**, rather than the REMIC Ginnie Mae Trust-2017-134." Oppo. at Dkt. No. 24 at 3; FAC ¶ 10 (emphasis in original). As the FAC makes clear, this claim is based on plaintiffs' belief that Nationstar misrepresented its legal status as a lender/creditor although it was merely a servicer and that once the mortgage on the Property was "securitized" Nationstar did not have standing to pursue foreclosure. *See id*. ¶¶ 2, 11, 12, 18, 19; *see also* Oppo. at 3. This is simply a variant on the securitization and standing arguments that plaintiffs repeatedly raised and that I rejected in prior proceedings. *See* Case No. 19-4300, September 2020 Order at 10-11. Plaintiffs cannot relitigate the standing to foreclose or securitized mortgage loan claims by dressing them up as a fraudulent misrepresentation claim based on disclosures in an IRS form.[6]

As with Case No. 23-cv-05162-WHO, had these claims been filed in the first instance in this court, they would have been dismissed as frivolous and barred by the Vexatious Litigant Order. That the FAC is also brought on behalf of Tanya Stutson-Bey does not avoid the impact of the Vexatious Litigant Order, as Woodruff and his pseudonym are listed as the first two named plaintiffs.

---

[5] On November 28, 2025, plaintiffs filed a "Declaration of Kevin Woodruff & Tanya Stutson in Support of Claim One: Equity Theft/Denial of Surplus Proceeds, and in Opposition to Defendants' Res Judicata Defense." Dkt. No. 32. In that filing, plaintiffs renew their argument for remand. But because the original complaint and FAC both allege federal claims, the renewed request for remand is DENIED. Plaintiffs also assert "this case" is not about the foreclosure proceedings on the Property but instead is based on his complaint that the foreclosure bid accepted was too low and Property should have been sold for "fair market value" above the actual sale price. *Id*. However, there are no facts regarding this new "surplus equity" theory of harm alleged in the complaint or FAC and plaintiffs identify no *legal* theory that would mandate foreclosure sales to be made at fair market value.

[6] In the FAC, plaintiffs also appear to assert a violation of the Real Estate Settlement Procedures Act ("RESPA") based on failures to "truthfully" respond to inquiries. FAC ¶ 20. This is simply a variant of the lack of standing to foreclose on the securitized loan claim barred by res judicata.

1    The claims in this case are DISMISSED with prejudice.  The Clerk shall enter judgement
2  in favor of Nationstar and close this case.
3  **IT IS SO ORDERED.**
4  Dated: December 1, 2025



William H. Orrick
United States District Judge

4